Good morning, your honors. I'm Matthew Winter from the Federal Defender Office in San Diego. I represent Mr. Smith. I'd like to reserve five minutes for rebuttal argument. In this case, the district court denied two of Mr. Smith's defenses based upon the doctrine of collateral estoppel. It is now undisputed by the parties that the district court's ruling or the basis for the ruling was erroneous, partly due to the Arnett decision or, I guess, concession by the government that came out in December 2003. If we accept that, what happens? If you accept that collateral estoppel is not a proper ground, this case should be reversed, remanded, with instructions for the court to grant Mr. Smith's request to present those two defenses. Both defenses? What's the other defense? The first is that he is a citizen by birth based upon the Title VIII United States Code 1401 statute, that through his mother, who was born in Arizona, that he is a citizen, therefore he's not an alien. San Diego. He stated at the port of entry that he was born in San Diego. But the evidence that came through Mr. Smith's A file later on in the case was evidence of his mother's birth certificate, affidavits filled out by about four or five people that say that she was born in New Mexico, baptismal records from New Mexico. Whose birth are we talking about? His or hers? He was born in Mexico. I think the facts are undisputed. He was born in Mexico? Absolutely. Okay. The facts of the case show or the record of the case shows that there is a good deal of evidence showing that his mother was born in the state of New Mexico. If he doesn't have any document, he has no birth certificate, he identifies a community where she may have been born and where she was baptized, he's had the opportunity to get those records, and there are no records. So none of that is in evidence. The records are in evidence. They're part of the records in this case, the baptismal records, the affidavits. All those records are a part of the record in this case. The district court had knowledge of all those records when it made the collateral estoppel ruling. The difference in the ---- Has an application been made to INS for citizenship based on derivative citizenship? No. And I think that is only a requirement if he was applying through immigration for a certificate of citizenship, which is really a birth certificate. It would be a birth certificate that related back to the date of his actual birth, saying that he's a United States citizen. What does the statute say makes him a citizen? When does he become a citizen under the statute? Under the statute, he becomes a citizen at birth. So if ---- But is there a residency requirement in the United States after an age? Correct. There is, but only for the mother, that the mother lived a certain period of her life within the United States. How do we know that? That would have been testified to by his mother. His mother was in court prepared to testify for the defense that she lived the requisite period in the United States. She was prepared to testify also that she was born in New Mexico. So the defense was squarely before the district court. The district court knew of the defense. Okay. In response to my first question, if we reverse and remand, is it remanded for a new trial or remanded for dismissal? I think ---- For a new trial. It's a new trial. The facts have not been presented to the court or adjudicated. So it would be a new trial. Now, the second defense. What's the second defense? The second defense is based upon really the case of Gracetus Ulibarri and specific intent. The second defense goes at the element of intent. Whether Mr. Smith had the purpose or desire to commit a violation of the law when he approached the border and attempted to enter the United States. What he thought at the time when he was entering the United States was the defense that would have been ---- Is this a reasonable belief? I think it would be a reasonable ---- I think that's the issue that the jury would have to decide, whether or not the proper defense was reasonable. But the ---- But he reasonably was mistaken in his belief that he was a U.S. citizen and not an alien. Correct. It would be a mistaken fact defense. If the ---- I guess what the ---- if both defenses were run, if the jury disbelieved or the jury did not accept the fact that Mr. Smith was a derived citizen under 1401, then they could find that he had a reasonable belief that he believed he had permission to enter through what he had been told by his parents. Not permission to enter. Reasonably believed that he didn't need permission to enter. Absolutely. That he did not need permission to enter due to his belief that he was a citizen through the things that his mother told him and also due to his mental illness. But his didn't rule on a factual basis on either of these defenses. He ruled only, as I understand it, that they were unavailable to him, no matter what facts he had. Correct. The government, I think, tries to make this Court believe that some type of a hearing actually occurred in this case. And the government claims in their brief that prior to any alleged evidence getting to the jury, the district court must make a preliminary determination. And then the government goes on to say the evidence did not and the district court properly excluded it. That absolutely did not happen. That's coupled with some of the other government's claims about the falsity of this information. There was not one hearing about this information being true or false. The government or the district court completely excluded it based upon collateral estoppel. The government also wants to ---- The first one he excluded clearly on collateral estoppel. Correct. Was that the reason for his decision that the second defense was not legally available? The second reason was that he didn't think it was admissible because it wasn't relevant enough to sustain that defense. He didn't feel that the evidence was relevant and connected to that defense. Now, did he rule as a matter of law that you could never have a mistake-of-fact defense to the specific intent crime? He didn't. No, he didn't go down the analysis on whether or not a mistake-of-fact case applied to an intent crime or an attempt crime. He ruled that ---- If we go with the first issue, why do we even have to address the second? I think the second is ---- Because if you get a new trial, you've got a clean slate, don't you? I agree. And I think the derivative citizen defense is probably Mr. Smith's strongest defense. However ---- I have a question. I have a question about Judge Beasley's question. That's why I want to know why the judge said that the alternative defense would not be available. Whether he made a ruling on that that would be applicable in the second trial, in case you lose on your first defense, then you want to argue, well, even if he's not really a citizen, he had a reasonable belief that he was, and that's a defense. Correct. Okay. Now, what was the judge's ruling about why he wouldn't allow you to make that defense? Because would he be making that ---- Would that same ruling bar you from offering that defense this time? It would. And that's on Excerpt of Record 170. I have the quote. You say you're stopped from making the argument? Correct. The district court ruled that because Mr. Smith had made a concession in a prior guilty plea that he is an alien. If we reverse the case on the first ground and give you a new trial, you say you're stopped from raising that same question in a new trial? I think under the court's ruling, it's two separate issues. I think the district court would still be faced with the issue of whether or not they could preclude the second defense. But you're not getting a new trial. I didn't understand the question. If you have a new trial, the government has the obligation to prove its case. Correct. And if you have any affirmative defenses, you're permitted to submit those affirmative defenses or evidence of the defenses to the court, right? Correct. The court ruled as a matter of law this could not come in because it's at page 157, because that mistaken belief would be a mistake of law, and I don't think a mistake of law issue works here. I don't think that can be a defense. Right? Isn't that what he ruled? Well, the court ruled partly on the mistaken law. Then on ER 170, the basis of that ruling was also the alienage element of collateral estoppel. So I agree with Your Honor that the court did rule on mistaken law, but I think also collateral estoppel control. Do you want us to give you a ruling on that? Because if you go back to trial and you don't prove he actually is a derivative citizen, you still want to be able to prove that he thought he was. Absolutely. And I think the case law, even the cases cited by the government, support that. If we think the ruling is wrong, that this is not a mistake of law defense, then we need to say that or the judge will bar the second defense again, though not on collateral estoppel. Absolutely. But on mistake of law. Absolutely. And I think the case law that I've cited, Ruiz, and also the case, Aguilar, that was relied on by the government, clearly state that this is a mistake in fact defense. It's also brought up in the Gracetis-Ulibarri opinion when Gracetis talks about what would happen in a general intent case. So I think that the court does need to remand saying that both defenses are proper. Both of these defenses, the denial of both of these defenses was structural error, not harmless error in this case. The structural error analysis is applied to cases where the elements of guilt that the jury didn't find necessarily embraced the omitted elements or the misdescribed elements. Those were completely taken outside the realm of the jury. The jury had no process whether to consume the other elements in this case. Neither error only applies if the elements were uncontested and supported by overwhelming evidence. I think this is a case where the overwhelming evidence. We assume we've read the briefs and the law, so you don't. Thank you. Is there any other point that you wish to bring out in oral argument? Unless the court wants to hear on the other issues raised, I'll submit with the rest of my time is rebuttal. All right, why don't you say the rest of your time. Let's hear from the judge. Thank you very much. May it please the court. Christopher Alexander for the United States. There are five issues that are actually presented by Mr. Smith on appeal. Well, let's start with the first issue of why he shouldn't be able to assert the defense that the government has to prove that he's an alien and that he can assert a defense that he's a derivative citizen. Why shouldn't he be allowed to present that defense? Well, Your Honor, I think this gets back to you actually have to look at what is a person that is a citizen. You get back to and you look at the 14th Amendment. The 14th Amendment defines a United States citizen as somebody that's. You've assumed the burden of proving citizenship. You agree with that? Absolutely. I think it's the United States burden of proof to prove an individual's alien status without a doubt. Now, the next question is, what is a citizen? And is Mr. Smith's evidence legally relevant? No. First, what is a citizen? What is a citizen? Is a derivative citizen a citizen? A derivative citizen is not a citizen until recognized by the exclusive authority to make the determination. Well, in the statutes itself, under Title VIII United States Code Section 1452A, it specifically states that a person claiming to be a derivative citizen may apply to the Attorney General of the United States. For a certificate. For a certificate. He has a right to apply for a certificate. He has a right to apply for a passport. Suppose he doesn't want a passport. Or he doesn't want a certificate. Yeah. Take your certificate. You know what you can do with your certificate. I'm a citizen. I was born a citizen. Doesn't the statute say he was born a citizen? It does not say he was born a citizen. It doesn't say he's a citizen by birth? Because there are preconditions in place, Your Honor, that he needs to meet.  No, no, I don't know. That's what the statute says. Well, under the statute, under 1401, it requires that that individual's parents meet certain residency requirements. Oh, of course. Yes. All right. So let's assume his parents meet a requirement. And assuming that parents meet the requirement, then they need to go through the extra step of applying for citizenship. Where does it say that in the statute? Well, this is the only means by which. You gave us a number of the statutes and said this is what controls. This statute says. And I said, doesn't the statute say he was a citizen at birth? Well, Your Honor. He said no. It's got a condition. And what I'd like to. I'd like you to read me the condition from the statute that says he has to apply for a certificate. Well, what I can read you is the Supreme Court authority, Nguyen v. INS. Later we can get to the Supreme Court. Let's start with the statute. Okay. As Justice Scalia tells us, we always start with the statute. Most of the time. That's correct, Your Honor. And actually, prior to going to the statute, I think we need to look at the Constitution of the United States. The Constitution defines under the Fourteenth Amendment who is a citizen. You are a citizen by birth within the United States. If you're not born within the United States, you need to be recognized by an authority. The Constitution says if you're not born in the United States, you need to be recognized by an authority. That persons not born in the United States acquire citizenship by birth only as provided by acts of Congress. That's Miller v. Albright. Okay. Only as provided by acts of Congress. Let's get to the act of Congress. That's where we tried to go. Section 14 or whatever it is. Right. And within that. Let's look at the statute. And what does it say? It says you're a citizen at birth. Does it say you become a citizen when you get a certificate? It says that you become a citizen once you get the certificate, yes. Because the sole authority. Would you read me the part of the statute that says that? The sole authority. No, read the part of the statute that says talks about certificates. For certificates of citizenship, as well as for certificates of naturalization, the only authority that can grant those certificates is the Attorney General. Why do you have to have a certificate under the statute? Because that's the only way you can get citizenship status. That's not what it says. It would basically eviscerate any residency requirements for an individual if you didn't have to present it to the sole authority to make the determination. Let's go at it a different way. Okay. We're not doing very well with it. Wait. Let's just. Okay. This statute seems to. It does use the word may. A person who claims may apply to the Attorney General for a certificate of citizenship. And then he has to prove certain things to the Attorney General. And then he has to take the oath. And then the certificate will issue. It seems to me that the statute implies that you need to go through this process to become naturalized. But it doesn't say explicitly or expressly anywhere in the statute that this is the only way to become a citizen, that you must apply to the Attorney General and you must obtain. Take the oath and you must obtain your certificate or you will not be recognized as a citizen. It doesn't say that. That's correct. And I think that gets back to actually a decision by you, Judge Beeser, in which your panel recognized in Child v. INS that a person foreign born is presumed to be an alien. There is a presumption in place that a person that is foreign born is not a United States citizen. All right. Well, let me just follow up on this. So the question is you have to prove alienage. Yes, Your Honor. And the defendant comes in and says, no, I'm a derivative citizen. And he gives you a Mexican birth certificate and he has his mother come testify and whatever. He puts on whatever evidence he thinks he has. And you put in an absence of record certificate and say he's never received a certificate of citizenship. He's never proven it to the authorities. So the government does not recognize him as a citizen. Isn't that how this would proceed if we permitted that defense? I mean, what jury is going to say, oh, yeah, you have all this evidence. He's born in Mexico, went to Mexico schools, doesn't have a certificate, was never naturalized, had the opportunity to apply for citizenship, never did it. What jury is going to find that he's a citizen? Well, it's not a factual determination that needs to be made. It's a legal determination. Either you are a citizen or you're not a citizen. One juror, one judge would exclude the evidence that he didn't apply for an application because he doesn't have to. He's a citizen at birth. Once you prove that his mother was born or was naturalized, lived here for those years, that she's an American citizen, she met the conditions of the statute, he met the conditions, then he was a citizen by birth. I would say that not only is it irrelevant whether he got a certificate, but any juror would have to vote to acquit him if they believe that story.  Well, and that's the problem, Judge Warlaw, and I think you point to it. In the district court, Judge Moskowitz was of the opinion that the United States needed to disprove alienage beyond a reasonable doubt as to derivative citizenship, and that's clearly not the standard. No, that we needed to disprove that he was a derivative citizen beyond a reasonable doubt. You had to prove that he was an alien. Well, but in other words, what Mr. Smith is seeking to do is to say, I'm a derivative citizen under the statutory authority. Now, the statutory authority can only be implemented or approved by the Immigration and Naturalization Service. What would stop him from filing in some related case against the government a declaratory judgment? Absolutely nothing. And he could get a decree of the court that said he's a citizen.  That's not a certificate. That's a court decree. It would be entitled to full faith and credit. Not necessarily. Well, Your Honor, what he would need to do is he would need to apply, have a ruling by the immigration judge, then go up to the Board of Immigration Appeals, then it could come to the Ninth Circuit if there was any issue, and be remanded to the district court if there was any specific issue. Sorry, that goes to the root of the problem with the statute. We can't bind. I had my law clerk do independent research to bind a statute that says, this is the exclusive way of becoming a citizen by means of this particular provision, meaning those particular statutory requirements for a foreign-born person. There's no statute that says that expressly. Well, Your Honor, when you look at the statute itself, the statute itself and the reason I think why it says may apply to the attorney general is that an individual can also apply to the Secretary of State if they're outside the United States. Or they may decide they don't want to become a citizen. And certainly at that point, they're not recognized as a citizen because there's a presumption once you're foreign-born that you're not a United States citizen. And in fact, in prior Supreme Court precedent, they said that, and specifically pointing to Rogers v. Belli, that up until 1934 that an individual that was foreign-born was not a citizen. And in Miller v. Albright, they go on to say, and there the petitioner was claiming to be a derivative citizen, and I'll quote, the petitioner claims to be a citizen from birth rather than claiming an immigration preference. Citizenship does not pass by dissent. Thus, she must still meet the statutory requirements set by Congress for citizenship. Yes, and where does it say she has to get a certificate? Well, she was applying for it. She does meet the statutory requirements. Congress, the statute says you are a citizen by birth if, and it gives conditions. Not one of those conditions is not that you pick up a certificate. There's nothing in the conditions. That's why I keep asking you to look at the statute and tell me what it is that the statute says you have to do. Well, it provides the only way by which somebody could actually get recognition as a citizen. It's one avenue of proof. Another avenue is to just present all the facts in a declaratory judgment. Well, Your Honor. Get immigration out of it. Well, Your Honor, actually, that can't be done. What do you mean it can't be done? Well, the courts have said repeatedly that an individual simply can't be granted citizenship. That's right. You can't give him. You can't take an alien and a court can't say you're an alien. I'm going to make you a citizen. Right. But a court can say, yes, you're a citizen. If you try to prosecute me tomorrow and say I'm an alien, the court can say you are wrong. I don't have to go asking for any certificate. You don't have to ask for a certificate because you were born in the United States, I believe, Your Honor. When you prosecute somebody and say that he is an alien, he's entitled to say, no, I'm not an alien. He's not entitled to argue that he's a derivative citizen under this statutory authority because there's only one authority that can recognize somebody being a derivative citizen. I appreciate the fact that you believe that with all your heart. Well, Your Honor, I mean, all you need to do is to look at the Supreme Court authority interpreting this statute. And in Nguyen v. INS, it refers to individuals that are foreign born as potential citizens at time of birth. Not that they are citizens, but that they are potential citizens. They need to go the extra step further because they are foreign born to get recognition by the United States authorities. That's what needs to take place. And that didn't take place in this case. Now, there were remedies available to Mr. Smith in this case. Now, Mr. Smith, in his deportation proceedings in 1994, which is in the record, the actual tape itself, was asked, do you want a lawyer to represent you? He said no. He was then asked, are you a United States citizen? He said no. Are you a native and citizen of Mexico? Yes. Did you enter illegally? Yes. Have you ever had any immigration papers? No. Do you believe that you have illegal rights in the country? No. Is your father an American, sir? He said yes. Now, was he married to your mother, sir? Yes. Do you want to pursue this claim any further? Because he was asked, do you want to talk with an immigration attorney about your problem? He said no. He could have pursued this back in 1994 concerning his claim of Georgia citizenship. Now he wants to pursue it. Suppose he walked in tomorrow to the INS and said, I want my certificate. He could do that. He could do that. Sure, he can pursue it. He can change his mind. He's had the opportunity, but he hasn't done that, right? But he hasn't done that. Well, that's assuming you need a certificate. So all I'm saying is the fact that he once decided or once believed he was not entitled to it doesn't mean he's barred for life if he is a citizen. There's no estoppel. Well, Your Honor, he can certainly make the application, but the sole authority tasked with making the determination as to whether or not he is a derivative citizen has already spoken on the issue. The Immigration Naturalization Service has said that he is an alien subject to deportation. We're talking about two different things. One is whether the fact that he once thought he was not a citizen and didn't believe he was is dispositive of this case. The other is how if he did have rights, whether they were waived. The other thing is whether he has the rights. Now we're back to the discussion we've been having for 15 minutes. Whether you're a citizen when you're born, if you qualify, meet all the conditions, or whether you're not a citizen until you get a certificate. And, Your Honor, the question is who makes that determination as to whether a person meets those requirements. And what the defense would argue is that it's something that a jury can determine. But obviously what the United States position is that it's not something that a jury can determine. It can only be determined by either the Immigration and Naturalization Service or, as Judge Beazer points out, the courts. Not by a jury sitting in judgment. It's not a factual issue. It's a question of law. Well, it's a factual issue of whether he was born to this mother, whether she's a citizen, whether she lived here the five years or ten years depending on which statute, at what ages she lived here. Those are all factual questions. And, Your Honor, I see where the Court may be leaning. If the Court is inclined to remand this case, we would ask that the Court not actually reverse the findings of the district court and the trial itself, but that, in fact, if there's going to be any remand, that it should be on a factual determination as to whether or not this individual's mother, in fact, meets these requirements. You virtually stipulated to the entry of a judgment on the first claim. No, Your Honor. Neither claim. Neither claim. And specifically for this issue, if the Court is going to remand, it should be determined pretrial whether or not this individual's mother meets the residency requirements. If she doesn't meet them, then it shouldn't go to the jury because there's no issue. And that's the thing, I think. Well, that's where – that's what Moskowitz, Judge Moskowitz, was thinking, and his findings about it's not legally relevant because he – whether it's the Court or the INS, someone needs to make the determination of whether all of these things are done because otherwise he's not – it's like the O.J. Simpson preliminary hearing or the – you know, it was the hippies in the night that killed the whole family. I mean, you've got to have something to attach it to to make it relevant. That's right. That's why we have jury trials. We let juries decide facts, and somebody comes in and says, I'm a citizen, I was born in the United States. Take my first example. Well, I think there's a difference between somebody born in the United States – Hold on. My first example is there's an American that you mistakenly believe is a European, and you want to prosecute him for being an alien who did something. He has a right to go to a jury and say, here's my passport. Here's my American citizenship. I want you to determine as a fact that I'm an American. We would all agree that a jury can decide that. It's a fact question. Absolutely. If he's asserting birth, it's in the United States. Well, it's the second issue where we won't agree, but the question is the second person comes in and says, I am a derivative citizen, and I don't need any certificates. That's a legal question. Let's assume we decide you don't need a certificate. Then he says, I am a derivative citizen, and the government says, no, you're not. You're not born to this woman. This woman did not live here long enough. She's not a citizen of any kind. Those are all ordinary fact questions that a jury can decide, aren't they? Well, no, Your Honor, and here's where I think we get into the issue. A person that is asserting birth within the United States is a 14th Amendment citizen. That's it. End of story. A person that's claiming derivative citizenship is only a derivative citizen under statutes like 1401. Yeah, so? So that statute in the statutory framework is something that can only be applied by the Immigration and Naturalization Service. Well, that's one version. Another is if you're trying to put somebody in jail, and one of your facts you have to prove is that he's an alien, that you prove that fact to a jury. And the fact, his defense, is no amount. Factually, here's where I was born. Here's where my mother was born. Here's what my mother's residence was. Therefore, I've proved all the facts that I need to show that I'm a citizen. Well, Your Honor, and I think this gets into another area where, you know, there's a reason why Congress delegated this authority for factual findings before the immigration judge to make these determinations, not for juries. And it also throws into chaos what the … You're assuming the answer to the question. You're assuming Congress delegated this to the INS and that you can throw somebody in jail and not let a jury determine it. I mean, that's the issue, not something that we can start out by assuming that Congress did. Let's assume that this presentation can be made to the jury. What standard of proof is used? Beyond a reasonable doubt. Beyond a reasonable doubt. However, the presumption is that a foreign-born person is an alien. Yes. You're entitled to that presumption. And we can present that to the jury and say, this person is presumed to be an alien. Now that he has the burden of proving that he's not. Correct. That's correct. Right. So if what the district court stated, that we have to prove beyond a reasonable doubt that he is not a derivative citizen, that's an error. Well, I think that's right. So we'll reverse the district court for that reason. But the other question is his ruling on the mistake of fact defense. Correct. And as to this mistake of fact defense, and Judge Reinhart, you were on the panel for Gracitas Ulubarri. There were examples that were provided concerning a mistake of fact that would be appropriate to be presented. And as a part of this mistake of fact, the court cited two specific mistakes, like somebody being able to walk to the port of entry and seek application for entry, all that being something that's legal, or somebody that fell asleep and crossed the border, or somebody that wanted to cross the border and, in fact, didn't know that they were entering the United States. That's not the mistake of fact that's being claimed here. The mistake of fact that's being claimed here is that he thought he was a United States citizen and didn't need permission. However, in those instances, Judge Reinhart, you cited, those were express areas where an individual could make application. This is not the case. He didn't get express consent from the attorney general. What he's saying is he had implied consent. No, he doesn't need consent if he's right. If he's a citizen, he doesn't need any consent. If he is a citizen, but he's never been recognized by any authority that he is a citizen. That we've explored. Right. But the idea is that what he's saying is that he didn't know that he was breaking the law. And the district court got it right when they classified that as a mistake of law type of defense. What he was saying is that I knew I was deported. I knew when I got to the port of entry that I was going into the United States. But what I didn't know is that I was breaking the law by doing so because I thought I was a citizen. You're making the same argument because you're saying, and Judge Moskowitz said, it's a mistake of law because the determination of citizenship is a legal determination, that if Judge Reinhart, if the majority of this panel decides that it's a factual determination, then it's a mistake of fact. Yes. And the two questions are really intertwined. Yes. And if it is a mistake of fact, it's not the type of mistake of fact that would warrant a defense. But again, I get back to the point, I mean, as a practical matter. So he says, I reasonably believed I was a citizen. That's my defense. And you have all this evidence that he's been deported twice. He's been labeled an alien by the INS. He's, I mean, you have all this contrary evidence. I mean, why not let the jury decide? I just can't imagine a jury that would believe that. I mean, it seems to me this is, you know, once again, our great public defenders and lawyers in San Diego coming up with really creative arguments about this. But I don't see how it practically may prevail in the courtroom. Well, practically, you're probably correct, given the amount of time that it took to return a verdict in this case. But at the same time, the issue is not what can be presented. You can't simply present everything that's under the sun in order to refute a defense. If, indeed, we didn't have all the proof that we had in this particular case, we have to get back to what was the mistake of fact that he's asserting. The mistake of fact that he's asserting is that, look, I thought that I was a United States citizen. Not that I thought I had the express consent of the Attorney General to reenter the United States. That's what the element is in Grishida's rule of bar. But the question is, do you need the consent of the Attorney General if you are a citizen? Once, and that's the distinction, once you've been deported from the United States. So it's not reasonable. It's not reasonable. Well, it's not. It's not because he has his warrant of deportation that says that you cannot come in, regardless of whether you're a citizen or not. You've been sent out because you're an alien with a prior whatever. You've been deported. So it can't ever be reasonable to believe that you have the right to come back without consent. That's what you're saying? No, it's not a question of whether his belief was reasonable or not. He wants to reenter without the express consent. That's what he wants to do. Under the framework, it requires that an individual that wants to claim that they are a citizen needs to at least make application. Now, this person had been deported. If you deported an American by mistake, as has happened, and the American came back into the country, could he be convicted of entering illegally? No, Your Honor. No. All right. Now, if you deported somebody and he said, I think I'm an American, and he had a reasonable belief he was an American, he reasonably believed that all his life he thought he was an American, and he came in and then he suddenly said, Aha. Let's say he'd never been deported. This takes the first illegal entry. If somebody always thought he was an American, believed his whole life, but then you did your investigation, whatever methods you have been given under the Patriot Act, and you determine that he's really not an American and it's a great surprise to him, would he not have a defense of reasonable belief? Well, in order for somebody to be prosecuted for 1326, they need to be deported. Right. But he's saying illegal entry. Illegal entry, you're correct, Your Honor. That would be a defense. Now, but for an individual that's charged with 1326, they've been deported. They are told at the time that the only way that you can come back is to apply. Okay. Well, that's the next question. Somebody's been deported, and he thinks, absolutely convinced this was a mistake. He didn't have a lawyer. He didn't know what happened. He learns when he's gone that he really is an American. He believes. Can't he have a reasonable belief? Well, he may have that reasonable belief, but there are avenues available for that person to pursue. Namely, he could apply outside the United States with the Secretary of State for reentry. Yeah, exactly. Exactly. Maybe he should do that if he's really a citizen. Yes, if he's really a citizen. And it gets back to an argument like a felon in possession. When do you make that determination? At the time of the offense. Now, if a person later says that I'm not a felon, my underlying felon is subject to challenge and is overturned, it doesn't matter. And the court stated that recently in the United States v. Padilla. It doesn't matter. You look at the status at the time of the offense. And specifically, it said the only relevant circumstance is the defendant's status as a convicted felon at the time he possessed the firearm. This brings us back to the whole question of whether you need a certificate. So I think we're going to find out one more question. One more question. Page 17 of your brief, in your summary of the argument, you make the express statement, on appeal, the government will not argue that the evidence should have been excluded based on collateral estoppel. Do you stand by that statement? Yes, Your Honor. Okay. I just want to briefly address the last two issues because I think it's important. It's almost 30 minutes now. We've read your briefs. Okay. It's been very enjoyable. And anytime you need a certificate, come back. Okay. And we won't worry about you getting a certificate, Judge. Thank you for your time. I don't know. If I could just briefly respond to a couple points. The first is the issue of a pretrial determination by the district court that Judge Wardlaw brought up. I think the cases where that might be appropriate are something where there's a de facto claim of citizenship, like Mr. Smith should be a citizen or the argument to the jury, you should decide Mr. Smith is a citizen because he's a nice guy or because he speaks English really well or he has a nice job. I think in those cases where there's nothing going straight at the element. In this case, the facts known to the district court were squarely attacking the element of alienage. Do you agree with his presumption that he is presumed to be an alien by virtue of his prior deportation as an alien? No. You would fight that if you go back. You'd fight whether or not the government gets a presumption and that you have the burden to prove. Absolutely. The cases relied on by the government are cases from immigration court where that is true in immigration court. In a criminal case, the government wholly has the burden to prove alienage. And so it's an absolutely different application from the cases that the government has brought forward to this court. The ones specifically cited, I think, are the Corona case, which specifically says that only in immigration court does this burden shift. And due to the application of this case in the criminal court, it just can't stand where the defense has to overcome a presumption in the case, especially on an element of the crime. Second, the ‑‑ in this case, Judge Warbot brings up a good fact. This all comes down to reasonableness. It comes down to reasonableness for the jury to decide whether the facts presented by Mr. Smith or not presented by the government are reasonable, whether the fact that his mother has a birth certificate, whether these people signed affidavits about her birth, whether the INS actually has a report saying she was born in New Mexico, whether those things were reasonable. The jury is going to decide those things. And the government, even with their burden of proving alienage, still has that. I have a factual question. Sure. Is there any ‑‑ when did he learn ‑‑ when did the defendant learn of these facts that might support a finding that he is a citizen? About October 2002, during the motions stage of this case. So that was after he had come back in. Absolutely. He never knew about the documentary evidence that the government kept in the A file. It was only after a motion made by myself. What's the reasonable belief theory based on? Because he was raised here. He believed his mother was a citizen. One thing about derivative citizenship is ‑‑ You're saying he didn't get the documents until afterwards, but he had the belief before? Sure. Because you can always think you're a citizen. What you're going to introduce in evidence is not a lot. Despite his ‑‑ because it has to be relevant to the time. Despite his statements to the border officials that he was a Mexican citizen twice and saying nothing like that, then you guys come in and start defending him, start doing discovery, and you find the A file, and then you say, Aha, we have this other defense. He mistakenly believed at the time? Well, the second defense wouldn't be based upon these documents he didn't know about. It would be based upon his mental illness, how he was raised, and what he was told. I think the first defense goes towards the documents. I think the documents only maybe go to bolster the second issue. But whether or not, you know, the trial should be bifurcated because of Your Honor's worry about that polluting the issue in the jury's mind, that's an issue for the district court. The second defense, the Mercedes Woolbury defense, is solely on when he stepped at that line of authority. Let's assume for a moment you have very thin defense on the second issue, that you don't have any documentary evidence. You only are able to have him testify about it. Is there any reason that you are prevented from offering that feeble defense? Is it different from an ordinary criminal trial where the defendant's story is not very credible, or he says, I didn't do it, and you have 20 witnesses? No, it's like every other criminal trial, but worse because it's a 1326. I mean, is there any requirement for some kind of preliminary showing in this type of case? That's what I'm really getting at, of reasonableness. That the reasonable belief defense has to be a reasonable defense. I don't think, when it goes at the element of permission or what he believed in this case on an attempt case, a specific intent case, absolutely not. It would be the same as, I didn't think I shot him. I didn't think I hit the guy. It would be the same as one of those defenses that goes directly pointed at the element. Or it wasn't me who did it. It was some mysterious intruder who killed my wife and her boyfriend. Sure. Juries evaluate the reasonableness of those claims every day in district court, and I don't think there's any reason that this jury should be sheltered from that claim. Judges don't let that in because it's too attenuated. There's no factual basis for it, and judges don't let it in. They exclude it. I agree. And the cases relied on by the government, the de facto cases? Well, what do you think they can exclude? You can exclude somebody else did a defense, because that would be prejudicial. No, I don't think you could exclude a third-party culpability defense. Well, if you don't have enough evidence to judge well, then judge where it all says. If you don't have enough evidence, if the judge won't let you offer a defense that it was somebody else because they say it's distracting, but why would there be a reason not to allow a defense that I had a reasonable belief? I don't believe there's any reason. Sanchez-Lima says the threshold for getting a jury instruction is some evidence. The cases of Powell. That's a different thing. That's when you offer your evidence, and then a judge says you're not entitled to an instruction because there's not enough evidence to warrant an instruction. But when can you say to the defendant before he even puts on the evidence, I want to know what your case is, and I'll decide whether you have enough evidence for me to allow you to present a defense. I think the remedy that's been used in courts throughout this land, which is a lot of times after hearing the case of the defendant, the judge then makes a decision from the bench on whether or not the jury instruction is granted, whether or not the argument can continue. It's illuminating to exclude evidence when it's just insufficient. Correct. Or it's so prejudicial, overwhelms its probative value. That happens all the time, right? Absolutely. In criminal trials as well as civil. Yes. All right. Thank you. Unless there's any further questions, I'll submit. Thank you. The case is here to be submitted. The court will take a brief recess after that. Good idea. All rise. This court is going to recess. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Reinhardt, Beezer, Wardlaw